PETER D. KEISLER
Assistant Attorney General
DANIEL G. BOGDEN
United States Attorney
District of Nevada
GREG ADDINGTON
Assistant United States Attorney
Nevada Bar 6875
100 West Liberty, Suite 600
Reno, Nevada 89501
VINCENT M. GARVEY
Deputy Branch Director
CARLOTTA P. WELLS
Senior Trial Counsel
Federal Programs Branch
Civil Division - Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, D.C. 20044

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ETREPPID TECHNOLOGIES, LLC, a Nevada Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DENNIS MONTGOMERY, THE MONTGOMERY FAMILY TRUST, DENNIS MONTGOMERY and BRENDA MONTGOMERY as Trustees of The Montgomery Family Trust, and DOES 1-20<br><br>　　　　Defendants.<br>_____<br>DENNIS MONTGOMERY, and MONTGOMERY FAMILY TRUST, a California Trust,<br><br>Counterclaimants and Third-Party Plaintiffs,<br><br>vs.<br><br>ETREPPID TECHNOLOGIES, INC., a California Corporation, WARREN TREPP, DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA, DOES 1-10,<br><br>Counterdefendants and Third-Party Defendants | CV-N  06-0145 (BES)(VPC)<br><br><br><br><br><br><br><br><br><br>RESPONSE OF THE UNITED STATES DEPARTMENT OF DEFENSE TO PLAINTIFF'S MOTION TO SEVER AND REMAND |

The plaintiff in this removed case, eTreppid Technologies, LLC (eTreppid), seeks to sever the claims of the defendants and third-party plaintiffs, Dennis Montgomery and the Montgomery Family Trust (Montgomery), against the United States Department of Defense (DoD) and to remand the case to State Court.  eTreppid does not have standing to argue that claims against an agency of the United States should be dismissed.  Further, inasmuch as DoD, a third-party defendant, has not yet filed a response to Montgomery's counterclaim, eTreppid's motion is premature.  For these reasons, the Court should not grant eTreppid's motion.

**Background**

eTreppid filed a complaint in the State Court of Nevada, asserting a claim of entitlement to protect and recover trade secrets from Montgomery, a former employee, officer, and director of the company.  On February 17, 2006, Montgomery filed a counter-complaint.  The counter-complaint asserted that Montgomery's defense of the action would require him to discuss the nature of the work he had been performing on behalf of DoD while associated with eTreppid.  Naming DoD as a counter-defendant, Montgomery claimed that in order to defend against eTreppid's claims of trade secret misappropriation, Montgomery "will be obligated to disclose the nature of the technology, the type of work he has performed on the government contracts using his technology versus that of eTreppid, and the capabilities of his technology . . . in performing work for certain government agencies."  Counter-complaint, ¶ 24.  Asserting that disclosures of information relating to the work performed on government contracts would violate his "secrecy contract," *id.*, Montgomery included a claim against DoD, seeking a declaration, in essence, that the disclosure of the information he believes is necessary to his defense will not constitute a violation of "the contract between Montgomery and the United States to maintain [] secrets, and/or a declaration of immunity for Montgomery from the United States."  *Id.* ¶ 26.

On March 20, 2006, the United States removed this action to federal district court.  DoD recently requested an extension of time until June 23, 2006 to respond to the counter-complaint.  In its second request for an extension, filed on May 5, 2006, the government noted that the claims against the United States Department of Defense seek a declaratory judgment that

Montgomery may disclose classified information implicating vital national security concerns. Unopposed Motion for Extension of Time for United States Department of Defense to File a Responsive Pleading and to Align Responsive Pleading Deadlines (Second EOT Motion) at 2. The motion further stated that the same claim has been articulated in another case pending in this Court, *Dennis Montgomery, et al. v. Etreppid Technologies, LLC, et al.*, No. 3:06-cv-00056-BES-VPC. *Id.* Because of the similarity of the claims against the government in the two cases, DoD "will file a similar response to the complaints in both cases as well as similar motions for protective orders, the latter of which will outline the necessity of protecting certain governmental information and the measures necessary to ensure that certain information that is harmful to the national security interests will not be disclosed, either inadvertently or otherwise." *Id.* The Second EOT Motion further identified the government's need for "adequate time to coordinate its interest in protecting national security information that may be at issue and to determine what steps it must take in defending against the counterclaims of defendants, including potentially asserting the military and state secrets privilege. Because the government continues to assess the risks involved in these two cases and is working to determine the precise steps that will be necessary to protect the information at issue in both cases, the United States requests that the deadlines in the two cases be aligned and that responsive pleadings will be filed by the government in both cases no later than June 23, 2006." *Id.* at 2-3

**Argument**

**1.     eTreppid Does Not Have Standing to Raise Claims on Behalf of DoD**

In its motion to sever and remand, eTreppid argues that the claims against DoD, as articulated in Montgomery's counter-complaint, should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Motion to Sever and Remand at 3. The United States, however, having already been named a party to this litigation, is in the best position to determine how to protect its own interests. See *Smith v. Organization of Foster Families for Equality & Reform*, 431 U.S. 816, 842 (U.S. 1977) ("Ordinarily. . . a party would not have standing to assert the rights of another, himself a party in the litigation; the third party himself

can decide how best to protect his interests).  Further, because the interests of the government here involve whether information that may be classified may be intertwined with the private parties' trade secrets and copyright infringement claims, only the United States can determine the means by which its interests should be protected.  As stated in the Second EOT Motion, the government is in the process of assessing its interest in protecting national security information that may be at issue and the measures necessary to defend against Montgomery's counterclaims, including potentially asserting the military and state secrets privilege.   Because the analysis of whether disclosure of information in this case could damage national security interests is a quintessential government function, only DoD can assert arguments about the extent to which Montgomery claims against the government should be dismissed.

### 2. eTreppid's Motion is Premature

As noted above, DoD has requested additional time to file a response in this case, as well as in a related case involving the same parties and similar claims.  The additional time is necessary in order for the government to determine the extent to which classified national security information may be intertwined with the claims and defenses of eTreppid and Montgomery.  Second EOT Motion at 2.  Once an assessment has been made about whether such information may be involved in this case, the government will determine the scope of the information that must be protected.  At that point, the government will be in a position to outline for the Court and the parties the measures necessary to ensure that information that may be harmful to the national security interests will not be disclosed.  *Id.*

By no later than June 23, 2006, the government will prepare and file a response to the counter-complaint and simultaneously move for an appropriate protective order regarding any classified information that may be at issue.  Until the time that such papers are filed on the government's behalf, it would be premature for the Court to either sever Montgomery's claims against DoD or to remand this action to State Court.  If in fact the claims and defenses of eTreppid and Montgomery will entail the resort to information that is classified for national security reasons, then the government must be involved in determining the means by which such

1  information should be protected.  Therefore, it would not be appropriate to sever Montgomery's
2  claims against the United States, at least not at this juncture.  Similarly, to the extent that
3  classified, governmental information may be related to the claims and defenses of the private
4  parties, this case should not be removed to State Court.  The assessment of whether classified
5  information is involved and the effect that determination would have on the claims and defenses
6  of the private parties should be considered in the first instance by this Court, not the State Court.
7  For these reasons, eTreppid's motion to sever and remand should not be granted.

**Conclusion**

For the foregoing reasons, the Court should not grant eTreppid's motion to sever Montgomery's claims against DoD or, in the alternative, to dismiss those claims and remand this case to State Court.

DATED: May 8, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DANIEL G. BOGDEN
United States Attorney
District of Nevada

GREG ADDINGTON
Assistant United States Attorney
Nevada Bar 6875
100 West Liberty, Suite 600
Reno, Nevada 89501

VINCENT M. GARVEY
Deputy Branch Director

 /s/ Carlotta P. Wells
CARLOTTA P. WELLS
Senior Trial Counsel
Federal Programs Branch
Civil Division - Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883

Washington, D.C. 20044

Counsel for Third-Party Defendant,<br>United States Department of Defense

## CERTIFICATE OF SERVICE

    I hereby certify that I am an employee in the office of the United States Department of Justice, Civil Division in Washington DC and I am of such age and discretion as to be competent to serve papers. On May 8, 2006, I served a copies of the RESPONSE OF THE UNITED STATES DEPARTMENT OF DEFENSE TO PLAINTIFF'S MOTION TO SEVER OR REMAND by placing said copies in postpaid envelopes addressed to the persons named below at the places and addresses stated below and by depositing said envelopes and contents in the United States mail at the United States Department of Justice, 20 Massachusetts Aveune, Washington D. C. 20001.

Ronald J. Logar, Esq.
Eric A. Pulver, Esq.
LAW OFFICES OF LOGAR & PULVER, PC
255 S. Arlington Avenue, Suite A
Reno, NV 89501

Michael J. Flynn, Esq.
Philip H. Stillman, Esq.
FLYNN & STILLMAN
224 Birmingham Drive, Suite 1A4
Cardiff, CA 92007

Stephen J. Peek, Esq.
Jerry M. Snyder, Esq.
HALE LANE PEEK DENNISON AND HOWARD
5441 Kietzke Lane, Second Floor
Reno, NV 89511

1  David A. Jakopin, Esq.
   Jonathan D. Butler, Esq.
2  PILLSBURY WINTHROP SHAW PITTMAN, L.L.P.
   2475 Hanover Street
3  Palo Alto, CA 94304-1114

                /s/ Carlotta P. Wells
                Carlotta P. Wells
                Senior Trial Counsel
                Federal Programs Branch, Civil Division
                United States Department of Justice