J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, NV 89511
Tel: (775) 327-3000
Fax: (775) 786-6179

PILLSBURY WINTHROP SHAW PITTMAN, L.L.P.
David A. Jakopin (CA Bar No. 209950)
Jonathan D. Butler (CA Bar No. 229638)
2475 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545
(*Admitted Pro Hac Vice May 2, 2006*).

Attorneys for Plaintiff and Cross-Defendant eTreppid
Technologies, Inc. and Cross-Defendant Warren Trepp

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS MONTGOMERY, an individual; the MONTGOMERY FAMILY TRUST, a California Trust; DENNIS MONTGOMERY and BRENDA MONTGOMERY as Trustees of the MONTGOMERY FAMILY TRUST; and DOES 1 through 20,<br><br>Defendants.<br>_____/<br><br>DENNIS MONTGOMERY; MONTGOMERY FAMILY TRUST,<br><br>Counterclaimants and Third-Party Plaintiffs,<br><br>vs.<br><br>ETREPPID TECHNOLOGIES, L.L.C.; WARREN TREPP; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA; and DOES 1-10,<br><br>Counterdefendants and Third-Party Defendants<br>_____/ | CASE NO.  CV-N  06-0145 (BES)(VPC)<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO REMAND OR, IN THE ALTERNATIVE, TO SEVER THIRD-PARTY CLAIM BY DEFENDANTS AGAINST UNITED STATES AND REMAND CLAIMS BETWEEN PLAINTIFFS AND DEFENDANTS** |

# REPLY BRIEF

## I. INTRODUCTION.

On April 20, 2006, Plaintiff and Cross-Defendant eTreppid Technologies, LLC ("eTreppid") and Cross-Defendant Warren Trepp (collectively, "Plaintiffs") moved the Court to sever the claims by Defendant and Third-Party Complainant Dennis Montgomery and the Montgomery Family Trust (the "Defendants") against the United States, and remand to Nevada State Court all claims between eTreppid and Defendants (the "Remand Motion"). The Remand Motion was based on the Defendants' failure to state a claim against the United States upon which relief can be afforded, and on the necessity that the Court decide Defendants' third-party claims against the United States before addressing any of the claims between Plaintiffs and Defendants.

On May 8, 2006, Defendants filed an Opposition to the Remand Motion, advancing numerous theories as to why the Court should retain jurisdiction over all of the claims in this action. As explained below, Defendants' responsive arguments lack merit. This Court should dismiss or sever Defendants' third-party claim against the United States because that claim must (accepting *arguendo* Defendants' assertions) be resolved before the Court can resolve the dispute between Plaintiffs and Defendants. After dismissing or severing Defendants' third-party claim against the United States, the Court should remand to state court the claims between Plaintiffs and Defendants because the United States' presence was the only reason this case was removed.

On May 8, 2006, the United States filed its Response to the Remand Motion, underscoring in part that eTreppid's Remand Motion was premature. Specifically, the United States argued that "[u]ntil the time that such [responsive] papers are filed on the government's behalf, it would be premature for the Court to either sever Montgomery's claims against [the Department of Defense] or to remand this action to State Court." Response, at 4:23-25. The United States' responsive pleading is currently due June 23, 2006. Order dated May 12, 2006 (granting United States' Unopposed Motion for Extension of Time).

## II. ARGUMENT.

Plaintiffs agree with the United States that the Court should defer ruling on the Remand Motion until after the United States files its responsive pleading. Although (as discussed in Plaintiffs'

1 Remand Motion) the Court would be justified in granting Plaintiffs' Remand Motion at this time, the
2 United States' responsive pleading could clarify and simplify the Court's ruling on this issue.  For
3 example, if the United States successfully moves to dismiss Defendants' third-party claim, there
4 would be little reason for this Court to retain jurisdiction over this erstwhile state action.

5      If the Court elects not to defer ruling on this issue, Plaintiffs renew the requests in their
6 Remand Motion.  First, Defendants themselves contend that their third-party claim against the United
7 States must be resolved <u>before</u> the Court may address the dispute between Plaintiffs and Defendants.
8 Remand Motion, at 4:14-21.  So if the Court does not dismiss Defendants' third-party claim, severing
9 it from the claims between Plaintiffs and Defendants would allow a more expeditious resolution –
10 which (assuming *arguendo* that Defendants' assertions are correct) would then allow Plaintiffs and
11 Defendants to address their dispute.

12      Insofar as the dispute between Plaintiffs and Defendants, Judge McKibben of this Court has
13 already opined that "the gravamen of this complaint really is whether or not the defendant destroyed,
14 deleted, or took the eTreppid Source Code and whether that was wrongful.  That's really what this
15 case is about."  Transcript of Plaintiff's Motion for Summary Remand of Proceedings to State Court,
16 Case No. 3:06-cv-041-HDM(RAM), at 13:18-21 (Jan. 31, 2006).  Although Montgomery asserts
17 counterclaims and defenses that sound in copyright law, those assertions cannot serve as the basis for
18 federal jurisdiction.  *Holmes Group v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002)
19 (under the well-pleaded complaint rule, a defendant may not rely on legal theories contained in a
20 counterclaim as a basis to remove an action to federal court based on 28 U.S.C. § 1331 and 28 U.S.C.
21 § 1338).  Accordingly, the only claims of consequence for purposes of evaluating jurisdiction over the
22 claims between Plaintiffs and Defendants, are those asserted in eTreppid's First Amended Complaint:
23 misappropriation of trade secrets, breach of fiduciary duty, breach of contract, conversion, bad faith –
24 tortious and contractual, declaratory relief and intentional interference with contract.  As recognized
25 by Judge McKibben, these claims all sound in state law, so the Court should remand these claims to
26 Nevada State Court.
27 ///
28 ///

**III. CONCLUSION.**

Plaintiffs request the Court to defer ruling until after the United States files its responsive pleading. In the alternative, for the reasons articulated above and in the Remand Motion, the Court should dismiss Defendants' third-party claim against the United States or, in the alternative, sever that third-party claim from the claims as between Plaintiffs and Defendants. If the Court elects to dismiss or sever Defendants' third-party claim against the United States at this time, the Court should then remand to state court the action and claims as between Plaintiffs and Defendants.

Dated: May 22, 2006.

/s/
J. Stephen Peek, Esquire
Nevada Bar Number 1758
Jerry M. Snyder, Esquire
Nevada Bar Number 6830
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
775-327-3000 (tel.), 775-786-6179 (fax)
*Attorneys for Plaintiff and Cross-Defendant eTreppid Technologies, L.L.C. and Cross-Defendant Warren Trepp*

::ODMA\PCDOCS\HLRNODOCS\540849\1

Page 4 of 4

# PROOF OF SERVICE

I, Paul Cain, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard.  My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada  89511**.  I am over the age of 18 years and not a party to this action

I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On May 22, 2006, I caused the foregoing **DECLARATION OF JONATHAN D. BUTLER IS SUPPORT OF *EX PARTE* MOTION BY ETREPPID TECHNOLOGIES, L.L.C. AND WARREN TREPP FOR LEAVE TO AMEND MOTION TO DISMISS OR TO RESPOND TO FIRST AMENDED COMPLAINT OF DENNIS MONTGOMERY AND MONTGOMERY FAMILY TRUST** to be :

__ X __    mailed a true copy thereof to the following person(s) at the address(es) listed below  by placing the document in Hale Lane Peek Dennison and Howard's practice for collection and processing of its outgoing mail with the United States Postal Service to the following:

*Fax No. 202/616-8470*
Carlotta P. Wells
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC  20044

__ X __    faxed a true copy thereof to the fax number indicated below by placing the document in Hale Lane Peek Dennison and Howard's practice for collection and processing of its faxes to:

| | |
|---|---|
| *Fax No. 786-5044* | *Fax No. 888-235-4279* |
| Ronald J. Logar, Esq. | Michael J. Flynn, Esq. |
| Eric A. Pulver, Esq. | Philip H. Stillman, Esq. |
| The Law Offices of Logar & Pulver | Flynn & Stillman |
| 225 S. Arlington Avenue, Suite A | 224 Bermingham Dr., Ste. 1A4 |
| Reno, NV 89501 | Cardiff, CA  92007 |

///

///

///

///

///

::ODMA\PCDOCS\HLRNODOCS\540849\1

Page 5 of 5

___X___  filed the document electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

Email Lezlie@renofamilylaw.com

Ronald J. Logar, Esq.
Eric A. Pulver, Esq.
The Law Offices of Logar & Pulver
225 S. Arlington Avenue, Suite A
Reno, NV 89501

Email pstillman@flynnstillman.com
Michael J. Flynn, Esq.
Philip H. Stillman, Esq.
Flynn & Stillman
224 Bermingham Dr., Ste. 1A4
Cardiff, CA  92007

Carlotta P. Wells
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC  20044
Carlotta.wells@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on May 22, 2006.

/s/_____
Paul Cain

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511