J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, NV   89511
Tel: (775) 327-3000
Fax:  (775) 786-6179

PILLSBURY WINTHROP SHAW PITTMAN, L.L.P.
Jeffrey S. Ross, CA Bar No. 67345 (*Admitted Pro Hac Vice Feb. 2, 2007*)
David A. Jakopin, CA Bar No. 209950 (*Admitted Pro Hac Vice May 2, 2006*)
Jonathan D. Butler, CA Bar No. 229638 (*Admitted Pro Hac Vice May 2, 2006*)
2475 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

Attorneys for Plaintiff and Cross-Defendant eTreppid
Technologies, L.L.C. and Cross-Defendant Warren Trepp

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company<br><br>        Plaintiff,<br><br>vs.<br><br>DENNIS MONTGOMERY, THE MONTGOMERY FAMILY TRUST, DENNIS MONTGOMERY and BRENDA MONTGOMERY as Trustees of The MONTGOMERY FAMILY TRUST; and DOES 1 through 20,<br><br>        Defendants. | Case No.   3:06-CV-00145 (PMP)(VPC)<br><br>**ETREPPID TECHNOLOGIES, L.L.C.'S NOTICE OF MOTION AND MOTION FOR TEMPORARY RESTRAINING ORDER; MOTION FOR EVIDENTIARY HEARING AND REQUEST FOR HEARING ON MOTION TO MODIFY ORDER GRANTING PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint filed: Jan. 19, 2006 |
| DENNIS MONTGOMERY; MONTGOMERY FAMILY TRUST,<br><br>        Counterclaimants and Third-Party Plaintiffs,<br><br>vs.<br><br>ETREPPID TECHNOLOGIES, L.L.C.; a Nevada Limited Liability Company, WARREN TREPP; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA; and DOES 1-10,<br><br>        Counterdefendants and Third-Party Defendants. | |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 65, plaintiff and cross-defendant eTreppid Technologies, L.L.C. ("eTreppid") hereby moves the Court to enter a temporary restraining order to bar the return of certain Property to Dennis Montgomery, Brenda Montgomery and the Montgomery Family Trust, and each of them (collectively, "Defendants"), until the Court can hold a hearing and rule on eTreppid's Motion to Modify Order Granting Preliminary Injunction, which was filed and served in this action on February 13, 2006 (the "Motion to Modify"). The Motion to Modify was filed prior to removal of this action from State court on February 13, 2006, but has not been heard or decided. Since that time, events—including the execution of a search warrant at the home and storage units of Dennis Montgomery—have revealed evidence of additional unlawful conduct by Montgomery. eTreppid requests a hearing on the Motion to Modify due to the complex nature of the relevant evidence and issues, requests that the Court enter an order that modifies the preliminary injunction and requires Dennis Montgomery to return eTreppid's property, and requests that the Court issue a temporary restraining order to prevent the possible destruction of electronic files and source code stored on the Hard Drives, which are eTreppid's property and also evidence for the present litigation. eTreppid also requests a hearing so that the Court can establish a schedule for discovery and briefing to address what appears to be evidence that Montgomery has violated the current preliminary injunction, which was entered as an order on February 8, 2006. This motion is based on the original papers filed in connection with the Motion to Modify, the following points and authorities, the Declaration of Warren Trepp filed and served herewith, the Declaration of Sloan Venables filed and served herewith, the Declaration of Jerry M. Snyder filed and served herewith, the Application for a Temporary Restraining Order filed and served herewith, by the papers on file in this action, and by the evidence and argument presented at the requested hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Dennis Montgomery is currently restrained by a Preliminary Injunction Order entered on February 8, 2006 by the Honorable Robert H. Perry, District Judge of the Second Judicial District

Court of the State of Nevada, in and for Washoe County. The Order restrains Dennis Montgomery, eTreppid's former Chief Technology Officer ("Montgomery"), from destroying, modifying and transferring the eTreppid Source Code and from discussing eTreppid technology with third persons.[1] The Injunction addresses many, but not all, of the issues necessary to protect eTreppid from Montgomery's unlawful conduct, and so eTreppid filed a motion to modify the Injunction on February 13, 2006 (the "Motion to Modify"). The Motion to Modify was fully briefed in State court and submitted for decision on March 7, 2006, but the action was removed to this Court before the State court could decide the Motion. This Court issued a Search Warrant for Montgomery's residence and for several storage units rented by him, which the Federal Bureau of Investigation (the "FBI") executed in early March of 2006. During that search, the FBI seized various computers and hard-drives and provided eTreppid with proof that at least seven computer eTreppid hard drives had been taken unlawfully by Montgomery. Due to a motion filed by Montgomery pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, the FBI has been unable to review the contents of the hard drives or to provide eTreppid with access to determine the extent of eTreppid intellectual property, source codes, trade secrets, and email files contained on these and other hard drives seized from Montgomery. However, the evidence seized from Montgomery—as described in the Declarations of Warren Trepp and Sloan Venables, filed and served herewith—demonstrate the need to modify and expand the coverage of the existing Injunction to protect eTreppid's rights pending the final determination of this matter. Further, this evidence, which is also eTreppid's property, could be destroyed if it is returned to Defendants and—as described in the Declaration of Jerry M. Snyder—the return of this evidence to Montgomery may be imminent, so the Court should grant a temporary restraining order to prevent the return of the Property to Defendants.

eTreppid requests that the Court enter a temporary restraining order to prevent the return of the Property to Defendants until such time as the Court can hold an evidentiary hearing to consider the overwhelming evidence on eTreppid's Motion to Modify—evidence that supports an order that modifies the Injunction to: (1) clarify the definition of the term "source code," (2) clarify the scope of

---

[1] A copy of the Order dated February 8, 2006 (the "Injunction") is attached to the Declaration of

the Injunction and the parties to which it applies, and (3) require Montgomery and his family trust to provide eTreppid with copies of the eTreppid Source Code and all other eTreppid property currently in their possession or under their control. eTreppid also requests that the Court establish a schedule to conduct discovery and briefing on Montgomery's apparent violation of the Injunction.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Relevant procedural history.

In January of 2006, eTreppid learned that Montgomery, its former Chief Technology Officer, had stolen its confidential and proprietary computer source code (which was protected as its trade secrets), its email backup files and numerous computer hard drives and erased all existing copies from the eTreppid computers and servers. Declaration of Warren Trepp ("Trepp Decl."), ¶¶ 2-4; Declaration of Sloan Venables ("Venables Decl."), ¶¶ 6-17. Accordingly, on January 19, 2006, eTreppid filed a civil lawsuit against Montgomery in Nevada state court against Montgomery[2] for, *inter alia*, the wrongful misappropriation of eTreppid's confidential and proprietary trade secrets (consisting of computer source codes and software that incorporate pattern recognition, anomaly detection, object tracking, and software compression functions (the "eTreppid Source Code")), as well as the unauthorized deletion of the eTreppid Source Code from eTreppid's computer workstations and servers. Trepp Decl., ¶ 6. Montgomery's actions have virtually destroyed eTreppid's ability to conduct its business, which depends on the use of the eTreppid Source Code *Id.*, ¶¶ 5-6. After a lengthy evidentiary hearing (at which both Montgomery and eTreppid's chairman and other employees testified), the Nevada state court entered the Injunction on February 8, 2006. *Id.*, ¶ 6, Ex. 1. The Injunction bars Montgomery from further destroying, using or distributing the eTreppid Source Code. *Id.*, Ex. 1 at 3:6-12. It also recognized the likelihood that eTreppid would prevail on its claims that Montgomery had wrongfully taken and destroyed the eTreppid Source Code. *Id.*, Ex. 1 at 2:7-11.

In order to address some of the specific remedies to more fully protect eTreppid from Montgomery's wrongful conduct, on February 13, 2006, eTreppid served and filed a Motion to

---

Warren Trepp as Exhibit 1.

[2] ETREPPID TECHNOLOGIES, L.L.C. VS. DENNIS MONTGOMERY, et. al. Second Judicial District Court of the State of Nevada in and for the County of Washoe, No. CV06-00114 (the "State

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Modify Order Granting Preliminary Injunction (the "Motion"). Declaration of Jerry M. Snyder ("Snyder Decl."), ¶ 2, Ex. 1. The briefing was completed and the Motion submitted by March 7, 2006. Before the State Court ruled on the Motion, on March 20, 2006, the Department of Defense of the United States of America (the "United States") removed this action to federal court. Snyder Decl., ¶ 7, Exs. 1-4. eTreppid's Motion requests that the Court modify the Injunction for the following purposes:

- To clarify the definition of "Source Code" to mean, specifically, "without limitation, any pattern recognition, object tracking, and anomaly detection source code used, modified, or created at eTreppid, including that which has been used in connection with or deployed by eTreppid in the performance of government contracts";
- To clarify that both Montgomery and the Montgomery Family Trust are enjoined from "destroying, hypothecating, transferring, modifying, licensing, using, duplicating, and/or assigning the Source Code" and from "discussing or disclosing any of the Source Code or proprietary eTreppid technology, with any third-party," except for experts retained in this litigation;
- To require Montgomery and the Montgomery Family Trust to return to eTreppid any Source Code or other eTreppid property that is in their possession, custody, and control;
- To require Montgomery to provide eTreppid with copies of all files taken from eTreppid including, but not limited to e-mail files ...(the "eTreppid Files"); and
- To enjoin Montgomery from "destroying, hypothecating, transferring, modifying, licensing, using, duplicating, and/or assigning" the eTreppid Files.

**B.    The FBI seized the Hard Drives from Montgomery.**

On or about March 1, 2006, during the execution of a search warrant, the FBI seized certain property from Montgomery's home and from several storage units rented by him (the "Seized Property"). Trepp Decl., ¶ 7, Exs. 2-3; Venables Decl., ¶¶ 18-19, Exs. A-B. The property seized included at least twenty-seven computer hard drives (the "Hard Drives") and the FBI provided

Case"); removed to this Court on March 20, 2006.

eTreppid with their serial numbers. *Id.* eTreppid's records prove that it purchased and paid for at least seven of the Hard Drives, and that it likely also purchased an additional thirteen of the Hard Drives. Trepp Decl., ¶ 8, Exs. 4-6; Venables Decl., ¶¶ 20-24, Exs. C-F. If, as eTreppid suspects, the Hard Drives contain some or all of the eTreppid Source Code, with access to their contents eTreppid can conduct an analysis that will demonstrate that it owns all of the Hard Drives. Trepp Decl., ¶ 8; Venables Decl., ¶ 25.

Montgomery filed a Motion pursuant to Rule 41(g) seeking the return of the seized property. Snyder Decl., ¶ 11. The Rule 41(g) Motion was filed under seal and eTreppid cannot obtain copies. However, the Wall Street Journal reported on February 15, 2007 that in a ruling last month, a federal magistrate granted Montgomery's motion." *Id.*, Ex. 6 at p.A16. If so, it appears that the Court may order the FBI to return the Hard Drives to Montgomery, including property which belongs to eTreppid.[3]

### C. Montgomery took and has been using eTreppid files

Upon Montgomery's departure from eTreppid in January of 2006, all of eTreppid's e-mail files were deleted. Venables Decl., ¶ 13. eTreppid needs access to its files, including its e-mail, in order to conduct its business. Trepp Decl., ¶¶ 3, 5; Venables Decl., ¶¶ 3-4. On February 15, 2007, an article printed in the Wall Street Journal quoted various documents ostensibly obtained from eTreppid e-mail. Snyder Decl., Ex. 6. eTreppid has reason to believe that the source of the e-mails cited in that article were files unlawfully taken by Montgomery. Venables Decl., ¶ 13.

Montgomery had no basis for taking, much less for deleting, all of the eTreppid Files. Accordingly, eTreppid seeks a further modification to the Injunction to require Montgomery to

---

[3] On September 15, 2006, eTreppid filed a motion pursuant to Fed. R. Crim. P. 41(g) to recover the Hard Drives in case number 3:06-CV-0263-LRH (VPC), 3:06-MJ-0023-VPC before this Court. Snyder Decl., ¶ 11. On November 28, 2006, the Hon. Valerie Cooke denied that motion on jurisdictional grounds without reaching the merits of eTreppid's ownership rights, and without allowing eTreppid to review or rebut any factual assertions included in Montgomery's opposition papers. *Id.* A motion for reconsideration of this ruling is currently pending before the Court. *Id.*

provide copies of all files taken from eTreppid and to prevent him from using any of the eTreppid Files for any purpose, pending the outcome of this case.

### III.     ARGUMENT

**A.     eTreppid requests an evidentiary hearing for its motion to modify the Injunction.**

**1.     The Court may modify the Injunction based on evidence relating to the Hard Drives.**

After an action is removed to federal court, "[a]ll injunctions, orders, and other proceedings had in such action prior to removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450; *see also Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1238 (9th Cir. 1994) ("Immediately after removal the district court would adopt the state court judgment as its own") (citations omitted). This court may modify a preliminary injunction entered prior to removal, *Dwyer v. Conflict of Interest Comm'n*, 646 F. Supp. 707, 708 (D.R.I. 1986), if the moving party can point to factual matters or controlling legal authority not considered by the court that issued the injunction. *Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 550 (D.N.J. 2000).

The State court entered the Injunction before the FBI seized eTreppid's property from Montgomery. Trepp Decl., ¶ 6, Ex. 1; Snyder Decl., ¶ 10. Accordingly, the State court did not consider evidence relating to the specific Hard Drives that Montgomery stole from eTreppid. The Hard Drives themselves are eTreppid's property, and some or all of the eTreppid Source Code may also be stored on the Hard Drives. Trepp Decl., ¶¶ 7-8, Exs. 2-6; Venables Decl., ¶¶ 4, 7, 9, 14. By conducting an evidentiary hearing, the parties and Court will be able to thoroughly explore the impact of this evidence on eTreppid's Motion. eTreppid anticipates that this evidence will support an order that requires the return of the following eTreppid property:

- the following Western Digital hard drives, identified by serial number: WMAMR1612253, WMAMR1624507, WMA8C1223396, WMAD15256807, WMAD15194737, WMAD15335294, WMAL71844911, WMAMR1066012, WMAMR1523649, WMAMR1537929, WMAMR1538197, WMAMR1538570, WMAMR1538581, WMAMR1539825, WMAMR1539942, WMAMR1543003, WMAMR1580666, WMAMR1580671, WMAMR1673681, WMAMR1509932,

WMAA61102098, WMA8C3243070, WMAD16644525, WCAD16502878 and WCAD13691228;

- the following Seagate Technology, LLC hard drives, identified by serial number: 3CK00XXY and 3CK028W3; and

- all electronic information that may be stored on the specific hard drives identified above (including but not limited to eTreppid e-mail files, eTreppid documents and the eTreppid Source Code).

Trepp Decl., ¶¶ 7-8, Exs. 2-6; Venables Decl., ¶¶ 20-24, Exs. C-F; Snyder Decl., Ex. 1 at 4:1-2.

2. **The Court should not allow Montgomery to have access to the Hard Drives.**

eTreppid faces irreparable harm if Montgomery obtains access to the Hard Drives. eTreppid has demonstrated that at least seven of the Hard Drives belong to eTreppid and not to Montgomery. Trepp Decl., ¶¶ 7-8, Exs. 2-6; Venables Decl., ¶¶ 20-24, Exs. A-F. Further, the erasure of all of the eTreppid Source Code at the time of Montgomery's departure from the company suggests that some or all of the eTreppid Source Code is contained on the seven eTreppid hard drives in the FBI's possession. Venables Decl., ¶¶ 4, 11-14. eTreppid is entitled to its property. Further, if Montgomery regains access to the Hard Drives, he may hide or destroy any files on them to cover his tracks. *See* Trepp Decl., ¶ 4; Venables Decl., ¶¶ 9-17.

The discovery of the seven eTreppid hard drives in Montgomery's possession proves that he also perjured himself in the State Case. At the February 7, 2006 hearing on eTreppid's motion for preliminary injunction, Montgomery testified that he had not taken any hard drives from eTreppid:

> Q. Did you destroy or take any files or hard drives or anything from eTreppid Technologies?
>
> A. No.

Transcript of Hearing on eTreppid's Motion for Preliminary Injunction, Vol. II, 194:17-19.[4] Special Agent Michael West of the FBI informed eTreppid that the FBI has seized at least twenty-seven Hard Drives from Montgomery and provided a list of the serial numbers. As discussed above, at least seven

---

[4] A complete copy of the transcript of the February 7, 2006 hearing on eTreppid's motion for a preliminary injunction was filed with the Court on June 2, 2006. Snyder Decl., ¶ 7. Due to the bulk

of the serial numbers match the purchase orders for drives owned by eTreppid. Trepp Decl., ¶¶ 7-9, Exs. 2-6. eTreppid needs its Source Code in order to develop new business opportunities, develop new products and remain in business. Trepp Decl., ¶ 5.

Montgomery had no basis for taking, much less for deleting, all of the eTreppid Files. This issue was addressed in *Henry v. IAC/Interactive Group*, 2006 U.S. Dist. LEXIS 24942 (D. Wash. 2006), which involved a former employee who took several computers when she left the company, which contained a large volume of company e-mail. *Henry*, 2006 U.S. Dist. LEXIS at *6. The *Henry* Court entered a preliminary injunction that required the former employee to return the company's e-mail because (1) the e-mails belong to the company, and (2) the company faced irreparable harm because the former employee or her counsel could destroy some or all of the e-mails. *Id.*, at *10-*13. As with the company in *Henry*, all e-mails remain the property of eTreppid, and eTreppid faces the possibility of spoliation if Montgomery retains the hard drives and their e-mail. Further, as in *Henry*, "[a]ny documents to which plaintiff is entitled can be produced through the normal channels of discovery." *Id.* at *13.

**B.     The Court should retain custody of the Hard Drives.**

eTreppid respectfully requests that the Court direct the FBI to deliver all of the Seized Property to the Clerk of the Court pending the outcome of this case. eTreppid further requests that the Court allow eTreppid to make a forensic image of the data on the hard drives to allow it to determine whether they contain the eTreppid Source Code and other eTreppid files. If the Hard Drives and their contents were returned to Montgomery, eTreppid would continue to suffer irreparable harm and could forever lose the opportunity to recover its eTreppid Source Code. In *United States v. Hess*, 982 F.2d 181, 183-4 (6th Cir. 1992), the district court maintained seized property "in a depository controlled by an officer of the Court," where the claimant (who sought possession of the property pursuant to Fed. R. Crim. P. 41(g), as both Montgomery and eTreppid have done) could apply for access to the original materials or to a copy thereof. Court custody of the Hard Drives would protect eTreppid against the irreparable harm it would suffer if the Hard Drives, along with any source code and files stored on

---

of this document, eTreppid will not file an additional copy unless the Court so requests.

them, are not returned (business losses) and are instead given to Montgomery (who could then have access to eTreppid's trade secrets and delete the information on the Hard Drives). It would also allow the parties to access the Hard Drives to obtain a forensic copy of their contents, pursuant to a protective order. This outcome would help to preserve the *status quo* between the parties for purposes of this litigation.

C. **The Court should enter a temporary restraining order that bars the return of the Seized Property to Montgomery pending the hearing and ruling on the Motion to Modify.**

eTreppid has met the required showing for issuance of a temporary restraining order, namely:

- eTreppid faces injury in the form of the possible destruction of source codes and electronic files, including e-mail, if the Seized Property is returned to Montgomery, who is not trustworthy;
- eTreppid faces irreparable harm in that the destruction of any evidence stored on the Hard Drives would eliminate the possibility that eTreppid will recover the eTreppid Source Code or its missing e-mail files; and
- eTreppid is likely to prevail on the merits of its claims, as recognized in the Injunction and as demonstrated by the evidence submitted herewith.

Fed. R. Civ. Proc. 65(b); *see also* Trepp Decl., ¶¶ 3, 5, Ex. 1 at 2:11 ("Plaintiff is likely to prevail on the merits of his claims"), 2:14-16 ("Plaintiff has demonstrated a reasonable probability that he will suffer irreparable harm if a preliminary injunction does not issue. The record reflects the Source Code is essential to the day-to-day operations of ETreppid (*sic*)..."); Venables Decl. ¶¶ 3-4.

eTreppid has demonstrated that at least some of the Hard Drives that are included in the Seized Property are eTreppid property. Any data stored on those Hard Drives likely also belongs to eTreppid. Montgomery is not trustworthy, and the Court should not allow him access to the Hard Drives or any of the Seized Property until such time as the Court can adjudicate the Motion to Modify—which, if granted, would modify the Injunction to require either the return to eTreppid of the Hard Drives and of the Seized Property that belong to eTreppid or the retention of those Hard Drives and Seized Property in the Court's custody—where the parties can access those items for purposes of taking discovery in the above-entitled action.

## IV. CONCLUSION

For the foregoing reasons, eTreppid respectfully requests that the Court enter a temporary restraining order that bars the return of the Seized Property to Montgomery, hold an evidentiary hearing on eTreppid's Motion to Modify the Injunction, and then enter an order that modifies the Injunction as requested herein, to preserve the *status quo* between the parties.

DATED: March 1, 2007.

/s/
_____

J. Stephen Peek, Esq.
Jerry M. Snyder, Esq.
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
*Attorneys for eTreppid Technologies, L.L.C. and Warren Trepp*

# PROOF OF SERVICE

I, Gaylene Silva, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard.  My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511.**  I am over the age of 18 years and not a party to this action

I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On March 1, 2007, I caused the foregoing **ETREPPID TECHNOLOGIES, L.L.C.'S NOTICE OF MOTION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR EVIDENTIARY HEARING AND RULING ON MOTION TO MODIFY ORDER GRANTING PRELIMINARY INJUNCTION** to be:

__X__   filed the document electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

*Fax No. 786-5044*
Email Lezlie@renofamilylaw.com
Ronald J. Logar, Esq.
Eric A. Pulver, Esq.
The Law Offices of Logar & Pulver
225 S. Arlington Avenue, Suite A
Reno, NV 89501

*Fax No. 858-759-0711*
Email mailto:mjfbb@msn.com
And mailto:cdimare@worldnet.att.net
Michael J. Flynn, Esq.
P.O. Box 690
6125 El Tordo
Rancho Santa Fe, CA 90267

*Fax No. 202/616-8470*
Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC 20044

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on March 1, 2007.

_____
Gaylene Silva